UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent        No. 01-CR-80628-DT

vs.        Hon. Gerald E. Rosen

LESLIE WASHINGTON,

        Defendant/Petitioner.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        April 28 2009

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

Defendant Leslie Washington pled guilty and was subsequently convicted on charges of aiding and abetting bank robbery (Count 1) and aiding and abetting possession of a firearm in furtherance of a bank robbery (Count 2). She was sentenced on May 2, 2002 to consecutive terms of 41 months imprisonment on Count 1 and 84 months, the mandatory minimum sentence, on Count 2, i.e., a total of 125 months imprisonment.

Washington subsequently appealed her conviction and sentence to the Sixth Circuit Court of Appeals. On September 16, 2005, the appellate court affirmed her conviction but remanded the case to this court for resentencing pursuant to *United States*

1

*v. Booker*, 125 S.Ct. 738 (2005).

A resentencing hearing was held on January 16, 2006. As the Court observed on the record, by the time of the resentencing hearing, Defendant had already served her sentence on Count 1 and was into her sentence on Count 2. At the resentencing hearing, the Court considered the factors set forth in 18 U.S.C. § 3553 including the nature and circumstances surrounding Defendant's offenses, her personal background and history, and her need for medical treatment and rehabilitation, and concluded that, given the seriousness of Defendant's criminal activity, the seriousness of the crime and the impact on others, and the need for deterrence and punishment, the original sentence imposed upon her was a reasonable, fair and appropriate sentence. [*See* Resentence Hearing Tr. pp. 25-26.] The Court specifically noted on the record that in determining the sentence, it gave Defendant the benefit of all sentencing reductions for which she was eligible and then sentenced her to the lowest sentence possible under the guidelines. *Id.* Accordingly, on January 23, 2006, the Court reimposed upon Defendant the sentence it had originally imposed upon her. On October 23, 2007, the Sixth Circuit affirmed the reimposition of Defendant's original sentence. Defendant thereafter petitioned to the United States Supreme Court for a writ of *certiorari*. On April 14, 2008, the Supreme Court denied Defendant's petition.

Defendant is now once again before this Court on her *pro se* "Motion to Request Consideration for a 1 Year Downward Departure and 3 Months of Home Confinement." Defendant asserts that it has been extremely difficult for her to maintain her family ties

while being incarcerated, and because she is the last of the three defendants convicted of the bank robbery charges to remain in custody, she asks the Court to reduce her sentence.

The Court's authority to modify a term of imprisonment once it has been imposed is extremely limited. The Court may reduce a term of imprisonment (1) on the motion *of the Director Bureau of Prisons*, (a) if the Court finds extraordinary and compelling circumstances warrant such a reduction, or (b) the defendant is at least 70 years of age and has served at least 30 years in prison (and a determination is made by the Director that the defendant is not a danger to the safety of any other person or the community.) 18 U.S.C. § 3582(c)(1)(A). The Court may also modify an imposed term of imprisonment *on the Government's motion* made pursuant to Fed. R. Crim. P. 35, for the defendant's substantial assistance in the prosecution of another. 18 U.S.C. § 3582(c)(1)(B). And, finally, the Court may modify a sentence *on the motion of the defendant,* the Director of the Bureau of Prisons, or on the Court's own motion, where the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2).

As Section 3582 makes clear, it is only in cases where the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered that a court may act on a defendant's own motion. Defendant Washington, however, was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, the Court is

without authority to act on Defendant's motion.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Request Consideration for a 1 Year Downward Departure and 3 Months of Home Confinement **[Dkt. # 107]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion Requesting a Response to her motion **[Dkt. # 108]** is denied as MOOT.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: April 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2009, by electronic and/or ordinary mail.

                                        s/Ruth Brissaud
                                        Case Manager